IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE HILLSHIRE BRANDS COMPANY, formerly known as Sara Lee Corporation and Consolidated Foods Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY, formerly known as The Aetna Casualty and Surety Company,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 15-cv-6859 |

**DEFENDANT TRAVELERS CASUALTY AND SURETY
COMPANY'S RULE 56(d) MOTION TO DEFER ITS
RESPONSE TO HILLSHIRE BRANDS COMPANY'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
<u>PENDING DISCOVERY</u>**

Defendant Travelers Casualty and Surety Company ("Travelers"), by and through its

attorneys, Michaels, Schulwolf & Salerno P.C., hereby submits its Motion to Defer its Response

to the Motion for Partial Summary Judgment filed by Plaintiff Hillshire Brands Company

("Hillshire") pending discovery under Fed. R. Civ. Pro. 56(d), stating in support as follows:

## I. <u>INTRODUCTON</u>

In this action Hillshire seeks a declaration that Travelers must pay "all costs and expenses"

incurred by Hillshire with respect to all pending and future asbestos bodily injury lawsuits filed

against Hillshire (the "Underlying Asbestos Cases") under seven policies issued by Travelers to

Hillshire's alleged predecessors between 1978 and 1987 (the "Travelers Policies"). (Doc. 17, ¶¶

2, 11). Ten days before Travelers was required to file its answer, including any defenses or

counterclaims, Hillshire filed a Motion for Partial Summary Judgment and Memorandum in

Support.  (Doc. 21; "Hillshire's Memorandum").  Hillshire's Memorandum reiterates its demand that Travelers "pay or reimburse Hillshire in full for all of its costs and expenses" related to five specifically enumerated Underlying Asbestos Cases (the "Five Cases"), but in contrast to its First Amended Complaint, Hillshire now demands that all such costs be paid under a single policy (Policy 2937). Doc. 21 at pp. 1, 4.

In Hillshire's Memorandum, it omits crucial information necessary for this Court's consideration of the overbroad relief it seeks.  For example, Hillshire neglects to reveal that not only has Travelers agreed to participate in Hillshire's defense of the Five Cases, but that Travelers has actually reimbursed Hillshire for the costs it has incurred to defend those Five Cases, in the amount of $625,891.[1]

Hillshire also fails to disclose                              REDACTED




it is keenly aware of its import in this case as its First Amended Complaint places it directly at issue by alleging that Hillshire "has not released" certain rights under the "products hazard coverage" of the Travelers Policies.  (Doc. 17 at ¶ 13).  Moreover, Hillshire seeks a ruling barring Travelers from

---

[1] Notably Hillshire has not contested the reimbursed costs.

[2]                              REDACTED

Ex. 1-A, pp. 3-5.

relying on favorable policy language in the Travelers Policies as well as "any contractual term or condition allegedly running in its favor." (*Id.* at ¶28). Thus, central to Hillshire's Memorandum and First Amended Complaint is its goal of convincing this Court to ignore                REDACTED

                REDACTED

                                REDACTED




                                Furthermore, because Travelers has not yet been afforded the opportunity to fully discover all of the facts related to this issue, the Court must permit Travelers a reasonable opportunity to engage in discovery essential to Travelers' defense that Hillshire is, in fact, seeking substantial sums                REDACTED

                REDACTED                before requiring Travelers to substantively respond to Hillshire's motion.

This case is in its infancy and no discovery has yet been served, much less answered. The Court's consideration of Hillshire's motion should properly be deferred, at a minimum, until such time as the parties have worked out an agreed confidentiality agreement (Travelers has already provided a draft to Hillshire and is awaiting its comments) and Travelers has had an opportunity to take reasonable discovery. In short, there is no compelling reason for the Court to entertain Hillshire's premature motion at this time, especially considering the fact that Travelers has already reimbursed Hillshire for the costs it has submitted to Travelers with respect to its defense of the Five Claims. The Court should thus grant this Rule 56(d) Motion and defer the adjudication of

Hillshire's motion until such time as Travelers has had an opportunity to serve and review discovery.

## II.  THE CONTROLLING LAW

Under Fed. R. Civ. Pro. 56, "summary judgment is proper only after the nonmovant has had adequate time for discovery." *Lekkas v. Mitsubishi Motors Corp.,* 2000 U.S. Dist. LEXIS 12016, at *3 (N.D. Ill. Aug. 17, 2000).  A party may therefore oppose a motion for summary judgment under Fed. Rule 56(d) [formerly Rule 56(f)] whenever further discovery is needed: "Rule 56(f) is intended as a safeguard against a premature grant of summary judgment . . . thus we should construe the rule liberally and not find violations on rigid technical grounds." *King v. Cooke,* 26 F.3d 720, 726 (7th Cir. 1994); *OneBeacon Ins. Co. v. U.S. Foods, Inc.*, 304 F.R.D. 536, 539 (N.D. Ill. June 25, 2014) (noting that Rule 56(d) is designed as a "safeguard against a premature grant of summary judgment" and finding that if a court is persuaded by a Rule 56(d) motion, it may deny the motion for summary judgment; defer considering it in order to permit time for further discovery; or "issue any other appropriate order").  Furthermore, additional discovery under Rule 56(d) is appropriate where: (1) a party has specific reasons as to why additional discovery is required; (2) this additional discovery is necessary in order to present facts relevant and essential to justify its opposition; and (3) the movant reasonably believes that it will discover the evidence it seeks through additional discovery.  *See Pickenpack v. Third Act Pictures, Inc.,* 2014 U.S. Dist. LEXIS 9469, at *4 (N.D. Ill. Jan. 27, 2014).

Unless the party seeking discovery has not been diligent, motions for discovery under Rule 56(f) "should be granted almost as a matter of course."  *Lekkas*, 2000 U.S. Dist. LEXIS 12016, at *6 (quoting *Wichita Falls Office Assocs. v. Banc One Corp.,* 978 F.2d 915, 919 n. 4 (5th Cir. 1992)).  This is particularly important when, as in this case: 1) "a summary judgment motion is

filed . . . early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case"[3]; or "when a party who opposes a Rule 56(f) motion has control of the requested information, [which] 'weighs heavily in favor of relief under Rule 56(f).'"[4]  As outlined below, there has been no discovery in this case, and Hillshire is in control of considerable information relevant to the issues before this Court, which presents this Court with a textbook example of a Rule 56(d) case.

### III.     THE OMITTED FACTS DEMONSTRATE THE NEED FOR DISCOVERY

#### A.   Travelers Has Paid the Invoices Referenced in Hillshire's Motion.

Hillshire accuses Travelers of failing or refusing to defend it with respect to the Underlying Asbestos Claims and further states that "Hillshire has forwarded to Travelers Casualty copies of the invoices for the over $600,000 it has expended through September 30, 2015 defending the Pending Asbestos Suits."  Hillshire's Memorandum at p. 6.  Hillshire conveniently fails to disclose that Travelers first received the invoices on October 2, 2015, and approximately three weeks later began paying $625,891.10 by multiple checks.  Ex. 1-F.  This significant fact underscores both that Travelers is entitled to obtain facts concerning the defense of actions it has already funded and that Hillshire (having already been reimbursed significant sums) has no basis for insisting that this Court issue an expedited ruling on an incomplete record.

#### B.                                  REDACTED


The 2937 policy requires Travelers to:

---

[3] *Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation,* 323 F.3d 767, 773 (9th Cir. 2003).

[4] *Lekkas*, 2000 U.S. Dist. LEXIS 12016, at *5 (quoting *Resolution Trust Corp. v. North Bridge Assocs.,* 22 F.3d 1198, 1206 (1st Cir. 1994)).

pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury . . . to which this insurance applies, caused by an occurrence, and [Travelers Casualty] shall have the right and duty to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless or fraudulent.

Hillshire's Memorandum at pp. 2-3, also Doc 21-4 (the 2937 policy).

Hillshire has conceded that Travelers' potential obligations under each of the Travelers

Policies (listed in ¶11 of Hillshire's Amended Complaint (Doc. 17))            REDACTED

REDACTED

---

5                                                    REDACTED

REDACTED

Ex. 1-A, pp. 2, 8 and 9.                    REDACTED                    (*Id.,* ¶

3.3, p. 7).

REDACTED

is not "extraneous" to the Travelers Policies but rather forms an integral

part thereof that cannot be ignored when deciding the extent of Travelers' obligations, if any, with

respect to the Underlying Asbestos Claims.

**C. Hillshire Fails to Inform This Court that the Underlying Complaint in *Lopez* Attached to Its Memorandum has been Superseded and Even Hillshire Acknowledges Travelers Owes it No Duty to Defend Going Forward.**

Hillshire's Memorandum asks this Court to focus exclusively on the allegations contained

in the complaints of the Five Cases and the Travelers Policies, even though it has admitted that the

terms                    REDACTED

*See*

Hillshire's Memorandum at pp. 3-5. Almost a week before filing its First Amended Complaint

and weeks before Hillshire's Memorandum demanded that Travelers pay "all" costs for the Five

Cases, including *Lopez*, Hillshire informed Travelers on October 1, 2015 of the following:

> Last, on September 24, 2015, the plaintiff in the *Lopez* Asbestos Suit filed a motion seeking to amend the complaint. . . . If that motion is granted, the allegations of the amended complaint will not invoke the coverage provisions of the Travelers Casualty's policies                    REDACTED

Ex. 1-B (emphasis added). The second amended complaint was filed in *Lopez* on October 29,

2015. Ex. 1-C.

7

In response to Travelers' motion to file this submission under seal (Doc. 24), Hillshire professed that REDACTED "is puzzling" and "intended solely to distract" from determining Travelers' obligations, including those "going forward." (Doc 26 at 2). Hillshire's accusations are disingenuous at best. There is nothing "puzzling" about Travelers' REDACTED when, as demonstrated above, even Hillshire concedes that REDACTED , and is therefore is central to, the determination of the scope of Travelers' purported obligations. What is puzzling, though, is how Hillshire could seek an order that Travelers is responsible for "all" costs in *Lopez* based on a pleading it knew was in the process of being amended (and now has been) in a manner that Hillshire acknowledges, REDACTED REDACTED would "not invoke the coverage provisions" of the Travelers Policies.

In any event, Travelers is entitled to demonstrate that the costs for which Hillshire demands payment, as in *Lopez*, are being incurred to defend against claims REDACTED REDACTED Accordingly, Travelers requests an order deferring the motion for partial summary judgment until such time as Travelers can acquire the evidence and admissions needed to support its defenses based on a more complete record.

## IV. HILLSHIRE'S RECITATION OF THE CONTROLLING LAW IS BOTH INCOMPLETE AND INACCURATE

In Hillshire's Memorandum, Hillshire asserts that it is appropriate to grant its motion because Travelers' defense duties must be determined solely by comparing the underlying complaints to the policies at issue. Hillshire's Memorandum, §§ I C, pp. 3-5; II C, pp. 8-11. Leaving aside the fact that Hillshire's own motion also raises certain facts outside the underlying

complaints[6], the Illinois Supreme Court clearly rejected Hillshire's position in *Pekin v. Wilson*, 930 N.E.2d 1011, 1018-1019 (Ill. 2010):

> Thus, we disagree with Pekin that this court in [*Zurich Ins. Co. v. Raymark Indus., Inc.*, 118 Ill.2d 23, 514 N.E.2d 150 (1987)] intended to limit the source of an insurer's duty to defend "solely" to the content of the underlying complaint in all cases.

Furthermore, the *Pekin* Court cited with approval the Appellate Court's decisions in *Fid. & Cas. Co. v. Envirodyne Engineers, Inc.,* 461 N.E.2d 471 (Ill. App. Ct. 1983) and *Am. Econ. Ins. Co. v. Holabird & Root,* 886 N.E.2d 1166 (Ill. App. Ct. 2008). "We believe that *Holabird & Root* and *Envirodyne Engineers, Inc.* set forth the proper considerations for a circuit court to use in deciding whether it is appropriate to examine evidence beyond that contained in the underlying complaint in determining the duty to defend." *Pekin,* 930 N.E.2d at 1020. The importance of the Illinois Supreme Court's approval of *Envirodyne* cannot be overstated because the *Envirodyne* court plainly rejected Hillshire's theory that the duty to defend is to be determined solely by a comparison between the underlying complaint and the policy:

> To require the trial court to look solely to the complaint in the underlying action to determine coverage would make the declaratory proceeding little more than a useless exercise possessing no attendant benefit and would greatly diminish a

---

[6] Hillshire itself proffers evidence outside the four corners of the complaint and policies in support of its motion. *See, e.g.,* Doc. 21-3 (Affidavit of Jeremy Hall. See e.g., Para. 16, describing certain discussions between Travelers and Hillshire). Many of the additional facts in Mr. Hall's affidavit seem intended to support some sort of an estoppel argument that Hillshire does not actually raise in its motion. Bearing in mind that Travelers has agreed to participate in the defense of the Five Cases and paid Hillshire over $600,000 for the defense of the Five Cases and filed both affirmative defenses and a counterclaim for declaratory judgment, Travelers has discharged its duties under the controlling law and is free to litigate any and all coverage defenses. *Industrial Coatings Group v. Am. Motorists Ins. Co.,* 658 N.E.2d 1338, 1346 (Ill. App. Ct. 1995) ("An insurer is not obligated to bring its own declaratory judgment action; an action brought by an insured will adjudicate the insurer's obligations just as well"); *L.A. Connection v. Penn-America Ins. Co.,* 843 N.E.2d 427, 431 (Ill. App. Ct. 2006) ("it is the fact of the proceeding itself, and not the identity of the party initiating the proceeding, that is of legal import"); *Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.,* 353 F. Supp. 2d 966, 972 (N.D. Ill. 2005) ("Contrary to plaintiffs' contention, it is of no consequence to the estoppel doctrine which party initiates the declaratory judgment); *Roman Catholic Diocese of Springfield v. Maryland Cas. Co.,* 139 F.3d 561, 566 (7th Cir. 1998) ("The fact that [the defendant] decided to put [the plaintiff] to the bother of seeking a declaratory judgment rather than doing so itself does not estop the insurance company from arguing that it is has no duty to defend.").

declaratory action's purpose of settling and fixing the rights of the parties. Envirodyne offers no authority to support this untoward result.

461 N.E.2d at 474.

Moreover, the court in *Holabird* began its analysis with, in the court's words, "a long line of Illinois cases, beginning with *Associated Indemnity Co. v. Ins. Co. of North America,* 68 Ill.App.3d 807, 386 N.E.2d 529, 25 Ill. Dec. 258 (1979), which has held that the trial court may consider evidence beyond the underlying complaint in determining an insurer's duty to defend." 886 N.E.2d at 1172. Indeed, the *Holabird* court was quite clear in describing the court's right to consider evidence beyond the underlying pleadings as "the general rule that a trial court may consider evidence beyond the underlying complaint if in doing so the trial court does not determine an issue critical to the underlying action." *Id.* at 1178.[7]

Hillshire relies heavily on *Ill. Tool Works, Inc. v. Travelers Cas. & Sur. Co.*, 26 N.E.3d 421, 423-24 (Ill. App. Ct. 2015), *cert. denied*, 32 N.E.3d 673 (Ill. 2015) ("*ITW*") in urging this Court to confine its review solely to the policies and the five underlying complaints even though it knows, as in the case of *Lopez*, both have been materially modified. Exs. 1-B, D and E. Notably, the Illinois Court of Appeals in *ITW* did not even refer to *Pekin* or *Envirodyne,* and to the extent that *ITW* is inconsistent with the Illinois Supreme Court's decision in *Pekin*, this Court sitting in diversity, should not accord it much, if any, weight. *See, e.g., In re Wheaton Oaks Office Partners Ltd. Partnership*, 27 F.3d 1234, 1244 n. 4 (7th Cir. 1994) (holding that "[i]n determining the content of state law, our job is to look to the decisions from the state's highest court . . . .").

---

[7] *See also, e.g., Fremont Compensation Ins. Co. v. Ace-Chicago Great Dane Corp.*, 710 N.E.2d 132, 138 (Ill. App. Ct. 1999) ("Although it is true that an insurer's duty to defend flows in the first instance from the allegations of the underlying complaint, this 'general rule' does not support the proposition that a court, in a declaratory judgment proceeding where an insurer's duty to defend is at issue, may never look beyond the allegations of the underlying complaint"); *Allstate Indem. Co. v. Hieber*, 2014 IL App (1st) 132557 (granting summary judgment to Allstate on its duty to defend a complaint alleging negligent discharge of a firearm after review of additional evidence that supported the conclusion that the victim's death was a result of criminal acts).

In *Bartkowiak v. Underwriters at Lloyd's*, 2015 IL App (1st) 133549, the Illinois Court of Appeals did analyze *Pekin* and *Envirodyne*, as well as *ITW*, and it determined that it was appropriate to consider objective evidence not alleged in the underlying complaint. *Id*. In allowing the review of objective facts in *Bartkowiak*, the court affirmed that Illinois does not blindly adhere to a formalistic "eight corners rule." If it did, an insurer, for example, could not successfully demonstrate it had no duty to defend due to its policies being exhausted because evidence of exhaustion would likely be outside of the underlying complaint. *Bartkowiak* properly follows *Pekin* and a long line of Illinois cases that demonstrate that there is no blanket prohibition on a court considering facts not plead in the underlying complaints.

Furthermore, and contrary to Hillshire's assertion, *ITW* is not "strikingly similar" to this case. Hillshire's Memorandum at p. 9. *ITW* never addresses, and has nothing to do with, whether a Court may consider the effect of an agreement between the insured and insurer that limits or otherwise modifies an insurer's potential obligations under a policy and it certainly cannot serve as a basis to deny Travelers the opportunity to engage in relevant discovery.

Hillshire further attempts to avoid the consequences [REDACTED] by making a false analogy to Illinois law applicable to when an underlying plaintiff alleges both covered and uncovered claims. Hillshire's Memorandum at p. 9 (citing *U.S. Fid. & Guar. Co. v. Wilkin Insulation Co.*, 578 N.E.2d 926, 930 (Ill. 1991) and noting that "if a single claim in a multiclaim lawsuit is potentially covered, then the insurer must defend all claims until there is no possibility that the underlying plaintiff could recover on a covered claim"). Travelers does not dispute that the Five Cases contain allegations against Hillshire for which Travelers was not released. That is why Travelers has paid over $600,000 in defense costs. However, Hillshire wants this Court to ignore that in the Five Cases, Hillshire's defense attorneys are actually

defending non-products claims            REDACTED            To be clear, Travelers is not arguing that because these are "mixed" claims, it has no obligation to pay Hillshire anything. Conversely, Hillshire *is* arguing that          REDACTED          is irrelevant for "mixed claims" and that Travelers must pay 100% of all expenses incurred to defend such claims, including expenses to defend          REDACTED          .

In essence, Hillshire is inappropriately asking this Court to rewrite          REDACTED

REDACTED

Hillshire's analogy to covered/uncovered claims fails because here two sophisticated parties expressly agreed that          REDACTED          unlike the unmodified insurance policies in the cases upon which Hillshire relies,          REDACTED          [8] As such, for purposes of this motion, this Court must only find that Hillshire's argument is not a basis to bar Travelers from discovery reasonably calculated to demonstrate that Hillshire is demanding that it pay for          REDACTED          .

## V. TRAVELERS CANNOT RESPOND TO HILLSHIRE'S MOTION FOR PARTIAL SUMMARY JUDGMENT UNTIL IT IS AFFORED A REASONABLE OPPORTUNITY TO TAKE DISCOVERY

---

[8]            REDACTED

As is clear from the foregoing discussion, it would be patently unfair and inequitable for the Court to consider Hillshire's motion before Travelers has the opportunity to take reasonable discovery that demonstrates that Hillshire is not entitled to the relief it seeks.

To restate the issue before the Court, Travelers' obligations under the policies listed in ¶11 of Hillshire's Amended Complaint (Doc. 17) were all admittedly limited        REDACTED

REDACTED

Accordingly, the product liability allegations in the underlying complaints form the only basis for Hillshire's claim for coverage in this case.        REDACTED

REDACTED

Travelers has the right to determine whether the amounts at issue were spent defending against

REDACTED        *Id.* at ¶ 2.5

Travelers has a reasonable basis for believing that it will obtain relevant facts during discovery supportive of its defenses.  For example, the fact that Hillshire is seeking "all" costs in *Lopez* even after the complaint was amended raises the significant possibility that Hillshire is insisting that Travelers make payments related to the defense of        REDACTED        .  A review of the motion for leave to file the second amended complaint in *Lopez* reveals that its impetus was the death of plaintiff Mark Lopez and the need to appoint an administrator for his estate.  (Ex. 1-G). Under Hillshire's theory, had Lopez not died and the plaintiff never amended his complaint, or delayed doing so, Travelers would have been obligated in the interim to continue paying to defend

against    REDACTED    even if that was all the plaintiff was, in fact, pursuing.  This gives rise to some important questions concerning Hillshire's demand for "all" defense costs:

1. What percentage, if any, of the $534,316.46 that Travelers has paid for the defense of the *Lopez* action was expended to demonstrate that Hillshire faced no products liability in *Lopez*?

2. At what point in the litigation did Hillshire know that it faced no products liability in *Lopez,* assuming that it did not know this from the start?

3. At what point in the litigation did Hillshire demonstrate to plaintiffs' satisfaction that it faced no products liability in *Lopez*?

4. What facts revealed in *Lopez* are equally applicable to the other four actions at issue in Hillshire's Memorandum?

5. What products have defense counsel analyzed and reviewed in order to defend against products allegations in the Five Cases?

6. What efforts have defense counsel actually taken to respond to allegations of products liability in the Five Cases?

7. Which facilities have plaintiffs in the Five Cases alleged premises exposure?

8. What efforts have defense counsel actually taken to respond to allegations of premises liability in the Five Cases?

Hillshire is in possession of this essential information.  Travelers is not.  Moreover, a review of the $534,315 in invoices Travelers paid in *Lopez* raises serious questions as to whether any of the work in that matter was for the defense of a products claim. Specifically, the words    REDACTED    do not appear even once within the 259 pages of invoices.  On the other hand, there are multiple entries referencing

REDACTED

Ex. 1, Affidavit of Neal Thompson at ¶11.

Preferably, once a protective order is in place, Travelers will issue discovery requests in an effort to answer these questions, and consideration of Hillshire's motion for partial summary

judgment should be postponed until such time as the material sought from Hillshire has been produced as requested. *L.A. Connection v. Penn-America Ins. Co.*, 843 N.E.2d 427, 434 (Ill. App. Ct. 2005) (insurer seeking declaratory judgment "may also consider extrinsic evidence gathered during the discovery process."). Travelers asserts that it has meritorious defenses to Hillshire's efforts to recover "all" costs, and it would be severely prejudiced if the Court were to consider Hillshire's motion on the current record. *See* Ex. 1 at ¶¶ 12-16. Conversely, Hillshire would suffer no harm if the Court permits Travelers to fully develop the record prior to its consideration of the motion given that Hillshire has now been reimbursed for its outstanding defense costs.

WHEREFORE, Travelers respectfully requests an order granting its motion, and that the Court permit Travelers to proceed with discovery that would allow Travelers to present evidence that Hillshire is not entitled to the relief it seeks because doing so would nullify Travelers' rights

REDACTED


Dated: November 17, 2015                 Respectfully submitted,
*/s/ Steven Schulwolf*
Steven Schulwolf
Neal F. Thompson
MICHAELS, SCHULWOLF
& SALERNO, P.C.
300 South Wacker Drive
Suite 1650
Chicago, Illinois 60606
Telephone: 312.428.4720
Facsimile: 312.575.8679

*Attorneys for Defendant*
*Travelers Casualty and Surety Company*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on November 17, 2015, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Unredacted copies of this document were also served on counsel for Hillshire as well as Judge Tharp. Parties may access this filing through the Court's system.

*/s/Steven Schulwolf*