IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE HILLSHIRE BRANDS COMPANY, formerly known as Sara Lee Corporation and Consolidated Foods Corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY, formerly known as The Aetna Casualty and Surety Company,<br><br>      Defendant. | )<br>)<br>)<br>)  CIVIL ACTION NO. 15-cv-6859<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF NEAL THOMPSON**

Neal Thompson, being duly sworn on oath, states as follows:

    1.    I am an attorney licensed to practice law in the State of Illinois, and I am one of the attorneys at Michaels, Schulwolf & Salerno ("Counsel") representing Travelers Casualty and Surety Company ("Travelers") in this action.

    2.    The statements made herein are based: 1) on my personal knowledge; or 2) to the extent that they advance Travelers' contentions in support of the Rule 56(d) Motion for Discovery, on documents provided to me in the litigation by the parties, and these documents are not presented to the Court for the truth of the matters asserted therein but rather in support of Travelers' contention that discovery is necessary prior to responding to Hillshire's motion for partial summary judgment.

    3.    Plaintiff's Motion for Partial Summary Judgment was filed on October 16, 2015, before Travelers timely filed its answer and affirmative defenses to the Second Amended Complaint on October 26, 2015.

4. No party has provided its initial disclosures, and no substantive discovery of any kind (such as depositions and written discovery requests) has been completed.

5. Hillshire's factual and legal arguments omit crucial information necessary for this Court's ruling on the issues before the Court, REDACTED

Ex. 1-A.

6. Travelers provided Counsel with a letter from Hillshire dated October 1, 2015 advising Travelers that an amended complaint was to be filed in the *Lopez* case and that, REDACTED Travelers would no longer be required to defend the Lopez action. Ex. 1-B

7. Travelers also provided Counsel with an e-mail in which Hillshire further advised Travelers that the referenced motion was granted, and the second amended complaint was filed on October 29, 2015. Ex. 1-C.

8. In contrast to the First Amended Complaint in *Lopez* (Ex. 1-D), the Second Amended Complaint contains no allegations of product liability against Hillshire, alleging premises liability only. Ex. 1-E, ¶ 5.

9. As of October 23, 2015, Travelers has paid outstanding defense invoices for the five cases listed in ¶ 5 of Hillshire's Amended Complaint in the amount of $626,891.10. Ex. 1-F.

10. A review of the motion for leave to file the Second Amended Complaint in *Lopez* reveals that it was filed because the plaintiff died. Ex. 1-G.

11. I have reviewed the defense invoices in the *Lopez* action incurred through September 30, 2015 (including an electronic review of them) that were provided by Hillshire and

nowhere within the description of services do the words         REDACTED

REDACTED

12. Travelers contends in this action that Hillshire knows and understands that,

REDACTED

as Hillshire admitted in its letter of October 1, 2015.

13. Travelers also contends in this action that Hillshire         REDACTED

REDACTED

giving rise to several issues that cannot be answered without discovery, including: 1) when and how Hillshire knew that it faced no product liability; 2) how and through what means it conveyed that information to the Lopez plaintiffs; 3) to what extent is that information applicable to all of the underlying cases, and 4) how long has Hillshire known this?

14. This discovery will have a significant impact on the course of this litigation and the rights of the parties by helping to show the Court, first and foremost, that         REDACTED

REDACTED

15. This discovery will also have a significant impact on the course of this litigation and the rights of the parties by helping to determine whether Hillshire, in fact, faces

REDACTED

3

16. This discovery will also have a significant impact on the course of this litigation and the rights of the parties by helping to determine whether Hillshire, REDACTED REDACTED

FURTHER AFFIANT SAYETH NAUGHT.

Dated: November 17, 2015

_____
Neal F. Thompson

STATE OF ILLINOIS, ss
Subscribed and sworn to before me
this 17th day of November, 2015.

_Patricia A. Stewart_
Notary Public

My commission expires: 1/19/18

```
OFFICIAL SEAL
PATRICIA A STEWART
Notary Public - State of Illinois
My Commission Expires Jan 19, 2018
```