IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE HILLSHIRE BRANDS COMPANY, formerly known as Sara Lee Corporation and Consolidated Foods Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY, formerly known as The Aetna Casualty and Surety Company,<br><br>Defendant. | No. 15 C 06859<br><br>Judge John J. Tharp, Jr. |

## ORDER

For the reasons stated below, defendant Travelers Casualty and Surety Company's Rule 56(d) motion [35] is granted. As a result, plaintiff The Hillshire Brands Company's motion for partial summary judgment [21] is denied without prejudice. A status hearing is set for December 7, 2016 at 9 a.m. to establish a discovery schedule.

## STATEMENT

Plaintiff The Hillshire Brands ("Hillshire") sued Travelers Casualty and Surety Company ("Travelers") for declaratory relief, breach of contract, and Illinois Insurance Code violations based on Travelers' alleged failure to defend Hillshire from a number of asbestos suits. *See* Am. Compl. ¶ 1-2, ECF No. 17. Hillshire claims that under its insurance policies, issued by the predecessor of Travelers, Travelers owes a duty to defend Hillshire in all of the asbestos suits listed in the complaint. *Id*. at ¶ 2.[1] Just 11 days after filing its amended complaint (and only two months after the filing of this case), Hillshire moved for summary judgment as to Count I of its complaint, requesting a declaratory judgment regarding Travelers' duty to defend. *See* Mot. for Summ. J. at 1-2. No disclosures or discovery had taken place when the motion for summary

---

[1] The five asbestos suits listed in the complaint are: *London v. A.W. Chesterton, Inc., et al.*, Case No. 14-L-0101, Third Judicial Circuit Court, Madison County, Illinois; *Dioneff, Individually and as Special Administrator of the estate of Barbara Green v. AERCO International, Inc., et al.,* Case No. 14-L-179, Third Judicial Circuit Court, Madison County, Illinois; *Lopez v. Asbestor Corporation, Ltd., et al.,* Case No. RG-14721622, Alameda County Superior Court, California; *Habib v. John Crane Inc., et al.,* Case No. 14-L-1014, Third Judicial Circuit Court, Madison County, Illinois; and *Smith v. American Optical Corporation, et al.,* Case No. 14-L-1655, Third Judicial Circuit Court, Madison County, Illinois. *See* Am. Compl. ¶ 9.

judgment was filed. Hillshire noted that because an insurer's duty to defend is generally a question of law that essentially compares the underlying lawsuits to the terms of the insurance policy, no discovery was needed. *See id.* at 8; *Ill. Tool Works Inc. v. Travelers Cas. & Sur. Co.*, 26 N.E.3d 421, 424 (Ill. App. Ct. 2015).

Rather than reply to Hillshire's motion for summary judgment, Travelers filed a Rule 56(d) motion and affidavit asking for discovery. *See* Rule 56(d) Mot., ECF No. 35. Rule 56(d) provides that a nonmovant may present an affidavit or declaration that it "cannot present facts essential to justify its opposition," at which point the Court may deny or defer the motion for summary judgment. Fed. R. Civ. P. 56(d). Rule 56(d) motions are inappropriate if they are "based on nothing more than mere speculation and would amount to a fishing expedition." *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 885 (7th Cir. 2005). On the other hand, summary judgment should "be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986). Courts are generally lenient in granting Rule 56(d) motions when the party has been diligent during any previous discovery and especially so when discovery has not yet commenced. *See, e.g., Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003); *Wichita Falls Office Assocs. V. Banc One Corp.*, 978 F.2d 915, 919 n.4 (5th Cir. 1992); *Signal Prod., Inc. v. Am. Zurich Ins. Co.*, No. 2:13-CV-04581-CAS, 2013 WL 6814847, at *8 (C.D. Cal. Dec. 19, 2013); *Lekkas v. Mitsubishi Motors Corp.*, No. 97 C 6070, 2000 U.S. Dist. LEXIS 12016, at *5 (N.D. Ill. Aug. 15, 2000).

Thus, the Court should deny the Rule 56(d) motion only if the issues at stake are purely legal such that no facts could make a difference in the outcome of the case. *See Howard v. Securitas Sec. Servs.,* No. 08 C 2746, 2008 U.S. Dist. LEXIS 106690, at *9 (N.D. Ill. Oct. 20, 2008). Hillshire suggests this is just such a case – that the duty to defend an insured is triggered if the underlying complaint raises potential coverage, the complaints do here, and there the story should end. *See* Mot. in Opp. at 4, ECF. No. 41. Indeed, in a typical insurance case, the duty to defend is determined primarily by comparing the underlying complaint to the policy as a matter of law. *See Gen. Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co.*, 828 N.E.2d 1092, 1098 (Ill. 2005).

Unfortunately for Hillshire, Travelers has introduced a significant wrinkle – a 1996 settlement agreement in which Travelers was released from the duty to defend certain types of asbestos claims (particularly relevant here, premises liability claims). *See* Settlement Agreement ¶ 3.4, ECF No. 35 Ex. A. The first question to be resolved, then, is the meaning of the settlement agreement and whether its release of claims overrides the background rule cited by Hillshire that the presence of any covered claim requires an insurer defend against all claims, covered or not. "A settlement agreement is a contract and as such, the construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally." *Air Line Stewards & Stewardesses Assoc., Local 550 v. Trans World Airlines*, 713 F.2d 319, 321 (7th Cir. 1983) (internal quotation marks omitted). In Illinois, "[a] court's duty in construing a settlement agreement is to effectuate the intent of the parties to the agreement." *Vill. of Sauk v. Turner*, No. 1–12–2720, 2013 IL App (1st) 122720-U, ¶ 22. Although intent is generally determined by the language of a contract, a court may require extrinsic evidence (and allow the discovery to locate such evidence) when the language is ambiguous and could be interpreted

multiple ways. *See, e.g., Cox v. US Fitness, LLC*, 2013 IL App (1st) 122442, ¶ 13; *Motorola Solutions, Inc. v. Zurich Ins. Co.*, 2015 IL App (1st) 131529, ¶ 115.

Here, the settlement agreement says that its purpose is to "terminate and exhaust all coverage potentially available" for "Cumulative Injury Claims" arising from premises liability. *See* Settlement Agreement ¶ 1. The question then becomes what the term "claims" means and whether "all coverage" includes paying for the defense of premises claims if there are also products claims (which Travelers is still required to defend). "Claims" are unhelpfully defined in the settlement agreement as "claims, cross-complaints, asserted rights, demands, requests, suits, lawsuits, administrative proceedings, actions, causes of action and orders." *Id*. at ¶ 2.3. "Coverage" is not defined in the settlement agreement, although it notes the insurer "shall have no further obligations. . . to pay any Claims for, or to make indemnity or defense payments with respect to, Cumulative Injury Claims." *Id*. at ¶ 3.4. No part of the settlement agreement appears to address what the parties expected would happen if, as happened in the *Lopez* suit, a lawsuit is brought with both products liability claims and premises liability claims. It is doubly uncertain what they intended to have happen, as again happened in the *Lopez* suit, when the products claims were (allegedly) clearly baseless and the plaintiff later amended his complaint to leave only premises liability claims. The original insurance policy had agreed to cover "groundless, false, or fraudulent claims," but does that mean Travelers is on the hook for the defense of claims it paid to be absolved from defending until the complaint is formally modified? *See* Insurance Policy at 28, ECF No. 21 Ex. 4. The parties agree that Travelers stopped being responsible for any part of defending the *Lopez* suit when the complaint was amended, but Travelers would like not to be held liable for any work done after it was clear that only the (released) premises claims would be moving forward (and perhaps any dedicated work done exclusively for those claims beforehand). The Court finds the language of the settlement agreement to be ambiguous with regards to whether products and premises liability in a single suit should be treated as separate "claims" or a single "claim," how defense costs should be apportioned (if at all) when both types of claims are present, and how to determine (if suits like *Lopez* are a single "claim") when a "claim" becomes a "Cumulative Injury Claim." Discovery may well be needed for all of these questions to be answered.

Travelers submitted an affidavit from Neal Thompson, one of their attorneys, stating that in order to fully understand the impact of the settlement agreement, Travelers requires discovery. Travelers contends it needs discovery regarding the *Lopez* suit so that it is not forced to pay expenses regarding the premises liability claims covered by the Settlement Agreement. Thompson Aff. at 3, ECF No. 35. Traveler's is not required to defend premises claims under the Settlement Agreement, so exactly how much of the defense Travelers needs to pay for depends on several facts not currently in the record. Specifically, Travelers requests discovery concerning "1) when and how Hillshire knew that it faced no product liability; 2) how and through what means it conveyed that information to the Lopez plaintiffs; 3) to what extent is that information applicable to all of the underlying cases, and 4) how long has Hillshire known this?" *Id*. Travelers gives further examples of questions it would like answered in its motion, including what separate efforts Hillshire's counsel took in the underlying suits to respond to products and premises liability claims. Rule 56(d) Mot. at 14. Depending on the answers to these questions, the ambiguities in the contract may be more or less important. For example, if the lawyers defending Hillshire worked only on issues common to both premises and products claims, then perhaps there is no issue of whether defense costs should be apportioned between premises and

3

products claims (since the work would have had to get done even if there were no premises claims). On the other hand, if Hillshire knew immediately that the products claim was junk and spent hours upon hours strategizing regarding the premises claims, then Travelers may well have a better argument that the *Lopez* "claim" was effectively a "Cumulative Injury Claim" released by the settlement agreement early on in the defense. This discovery is especially relevant because Travelers has already paid significant sums to Hillshire for the defense of the underlying suits. *See id.* at 5. If Travelers is not required to pay for the portion of the defense dedicated to premises liability, it may have satisfied its obligation, making declaratory judgment moot.

For these reasons, the Court finds that discovery is necessary before the parties can proceed to summary judgment. Therefore, Travelers' Rule 56(d) motion is granted. The Court intends to provide only one period of discovery for **all** discovery that may be necessary in this case, not simply the discovery originally requested by Travelers, so that this case can be resolved expeditiously. Thus, the Court denies without prejudice Hillshire's underlying partial motion for summary judgment until the parties have had a reasonable time to engage in discovery.

Dated: November 23, 2016

John J. Tharp, Jr.
United States District Judge